PATIENCE CURRIER *vs.* JOSEPH GALE.

If the owner of land has been disseised while subject to no disability, a subsequent disability, occurring after a lapse of time reasonably sufficient to enable him to assert his rights, will not prevent the disseisor's title from maturing by twenty years' adverse possession.

TORT for breaking and entering the plaintiff's close. At the trial in the superior court, before *Putnam*, J., a verdict was

returned for the plaintiff, and the defendant alleged exceptions. The material facts are stated in the opinion.

*E. F. Stone,* for the defendant.

*S. B. Ives, Jr.* for the plaintiff.

MERRICK, J.    The defendant denies the right of the plaintiff to the premises, and in his defence to her action he relies upon the title thereto acquired by his wife by conveyances from the heirs at law of David Currier.

It appears from the bill of exceptions that the plaintiff claims to have derived title to the premises by inheritance from her mother, Molly Barnard, who died in 1830; that she was herself married in 1831, and lived as a married woman with her husband until his death in 1857, and that immediately after that event she entered upon and took possession of the estate.    On the other hand, there was evidence introduced upon the trial tending to show that David Currier, at least as early as the year 1825, was in possession of the land and house, of which the premises consist, under a claim of title thereto; that he continued to retain such possession until his death in 1842; that his heirs at law then succeeded him in the possession, and continued to retain it, under the same claim, until the entry of the plaintiff upon the land in 1857.

In reference to this state of facts, and to the title claimed to have been acquired by open and adverse possession for a period of more than twenty years, the court ruled, against the objection of the defendant, but in conformity to the request of the plaintiff, that the time during which she was under coverture should be deducted in estimating the twenty years of adverse possession.

The plaintiff insists that this ruling was correct, because, during the whole period while she was a married woman living with her husband, she was disabled from asserting her title or vindicating her right to the premises, and therefore that she ought not to be injuriously affected by the action of others, against which she was in no situation to make any personal resistance.    But if, as she contends, the title was in Molly Barnard, the latter was disseised more than five years before, and

28 *

continued to be so disseised until her death, during any part of which time she might have commenced and prosecuted her suit to regain possession. The same also is true in respect to the plaintiff herself, from the time of her mother's death in 1830 to her own marriage in 1831. So that, whether the disseisin or adverse occupation and possession by David Currier commenced in the lifetime of Molly Barnard, or only at the time of her decease, ample opportunity was afforded to the plaintiff before her coverture, and while she was affected by no disability, to institute a suit for the vindication of her right and recovery of the land. If she afterwards voluntarily disabled herself, by contracting marriage, from instituting such a suit at her own pleasure, this ought not to detract from or impair the rights of other parties which the law allows them to acquire by long continued, open and uninterrupted adverse possession. In the case of *Allis* v. *Moore*, 2 Allen, 306, it is distinctly stated that if the owner of land has been disseised, his subsequent insanity does not prevent the disseisor's title from maturing by twenty years' adverse possession ; and upon the facts shown, it was directly determined that the plaintiff's right of action to recover the demanded premises was barred by the statute prescribing a limitation to real actions and rights of entry. Gen. Sts. *c.* 154, § 1. This decision establishes the principle that if there has been a disseisin when the owner is subject to no disability, and after the lapse of time reasonably sufficient to enable him to adopt all necessary measures for the protection of his rights, a disability occurs before he has resorted to or adopted any such means, it will not interfere with, delay or postpone the time for the operation of the statute of limitations. The same rule must for the same reason prevail in relation to easements or other rights acquired by prescription, or to titles established and confirmed by open, adverse possession. It is apparent, therefore, that the ruling in this case which permitted the deduction, in estimating the twenty years of adverse possession, of the time during which the plaintiff was under coverture, was erroneous, and that for this cause the verdict rendered in her behalf must be set aside.

There are other and important questions presented in the bill

of exceptions; but as the objection of the defendant which is
now sustained appears, upon the facts therein disclosed, to be
decisive of the case, it has not seemed to us necessary or advisable to express any opinion upon them.

*Exceptions sustained.*